IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOYCE ELAINE WHITAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-045 |
| | ) | |
| ANDREW SAUL, Commissioner of Social Security Administration,[1] | ) ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Joyce Elaine Whitaker appeals the decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.     BACKGROUND**

Plaintiff applied for DIB on March 5, 2014, alleging a disability onset date of January 1, 2011. Tr. ("R."), pp. 13, 155-161. Plaintiff's last insured date for purposes of the DIB application is March 31, 2013. R. 14. Plaintiff was fifty-seven years old on her alleged

---

[1]Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the **CLERK** to substitute Andrew Saul, Commissioner of Social Security Administration, as the proper Defendant.

disability onset date. R. 57, 155. Plaintiff applied for benefits based on allegations of hypothyroidism, congestive heart failure with dilate cardiomyopathy, plural effusion, coronary artery disease ("CAD"), type 2 diabetes, and "non-viable heart." R. 190. Plaintiff has a high school education and completed two years of college in 1974. R. 191. Prior to her alleged disability, Plaintiff had accrued relevant work history as a licensed vocational nurse for both a hospital and assisted living facility. R. 22, 33, 196-98.

The Social Security Administration denied Plaintiff's applications initially, R. 57-63, and on reconsideration, R. 64-71. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), R. 83-84, and the ALJ held a hearing on February 17, 2017. R. 28-56. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by Andrew S. Youngman and Elliot Durham, as well as from Robert E. Brabham, Jr., a Vocational Expert ("VE"). Id. On March 21, 2017, the ALJ issued an unfavorable decision. R. 13-23.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant did not engage substantial gainful activity during the period from her alleged onset date of January 1, 2011, through her date last insured of March 31, 2013 (20 C.F.R. §§ 404.1571 *et seq*.).

2. Through the date last insured, the claimant had the following severe impairments: degenerative joint disease of the right hip and lumbar degenerative disc disease/spondylosis (20 C.F.R. § 404.1520(c)).

3. Through the date last insured, the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

4. Through the date last insured, the claimant had the RFC to perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c). Specifically, the claimant is able to lift and carry up to 50 pounds occasionally and 25 pounds frequently and stand, walk, and sit 6 hours each in an 8-hour day. The claimant was capable of performing past relevant work as a licensed nurse [(DOT # 079.374-014), medium skilled, SVP 6]. This work did not require

2

       the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. § 404.1565).

5. The Claimant was not under a disability, as defined in the Social Security Act, at any time from January 11, 2011, the alleged onset date, through March 31, 2013, the last date insured (20 C.F.R. § 404.1520(f)).

R. 15-23.

When the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-3, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal and remand of that adverse decision. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ failed to properly develop the record to determine the onset date of Plaintiff's chronic, disabling cardiac conditions. See doc. no. 15 ("Pl.'s Br."). The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 13 ("Comm'r's Br.").

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding.

Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of Commissioner's legal conclusions are not subject to substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

Plaintiff argues the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly develop the record to determine the onset date of Plaintiff's chronic, disabling cardiac conditions by giving little weight to the opinion of treating cardiologist Dr.

4

Michael A. Odle and failing to call either Dr. Odle to clarify his opinion of the onset date or some other medical expert to give an opinion. Pl.'s Br., pp. 9-15. Conversely, Defendant argues the ALJ properly discounted Dr. Odle's opinion and did not need to seek further evidence on the onset date of Plaintiff's cardiac conditions. Comm'r's Br. pp. 3-12. As explained below, the ALJ (1) properly considered Dr. Odle's medical opinion, giving it little weight, and (2) had sufficient information to render an informed decision about the onset date of Plaintiff's cardiac conditions. Therefore, Plaintiff's argument does not form a valid basis for reversal or remand.

### A. The ALJ Properly Weighed Dr. Odle's Medical Opinion

#### 1. Standard for Evaluating Medical Opinions

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986). Refusal to give a treating physician's opinion substantial weight requires the Commissioner show good cause. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004); Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also Crawford, 363 F.3d at 1159 (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted

with the doctor's treatment notes, was unsupported by the medical evidence, and was based primarily on claimant's subjective complaints); Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding daily activities).

When considering how much weight to give a medical opinion, the ALJ must consider a number of factors:

> (1) whether the doctor has examined the claimant; (2) the length, nature and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's "opinion is with the record as a whole"; and (5) the doctor's specialization.

Forsyth v. Comm'r of Soc. Sec., 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)). In particular, the Commissioner's regulations require that the opinions of examining physicians be given more weight than non-examining physicians, the opinions of treating physicians be given more weight than non-treating physicians, and the opinions of specialists (on issues within their areas of expertise) be given more weight than non-specialists. See 20 C.F.R. §§ 404.1527(c)(1)-(2), (5). However, Social Security Ruling ("SSR") 96-6p provides that findings of fact made by state agency medical consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a non-examining source at the ALJ and AC levels of administrative review. SSR 96-6p, 1996 WL 374180, at *1 (July 2, 1996). Moreover, state agency medical consultants' opinions may be entitled to greater weight than the opinions of treating or examining sources if they are supported by evidence in the record. See id.; Jarett v. Comm'r of Soc. Sec., 422 F. App'x 869, 872-74 (11th Cir. 2011) (holding ALJ properly gave more

6

weight to non-examining state consultants' opinions over treating physician's opinion); see also 20 C.F.R. § 404.1527(e)(2)(i), (iii).

Lastly, under SSR 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner and treating and other medical source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. SSR 96-5p, 1996 WL 374183, at *1, 2 (July 2, 1996); see also 20 C.F.R. § 404.1527(d).

### 2. Substantial Evidence Supported the ALJ's Decision to Give Dr. Odle's Opinion Little Weight

Plaintiff argues the ALJ erred by rejecting Dr Odle's opinion Plaintiff's cardiac conditions began in 2012, prior to the date last insured of March 31, 2013. Pl.'s Br., pp. 9-15. Dr. Odle is a board-certified cardiologist and the Chief of Cardiac Services at Army Medical Center in Fort Gordon, Georgia. R. 405. In his Treating Source Statement dated December 6, 2016, Dr. Odle listed the severe cardiac conditions for which he treated Plaintiff, then answered the year 2012 in response to the question "When did the symptoms and limitations in this questionnaire first appear, to the best of your knowledge?" R. 402-05. Dr. Odle also stated he had treated Plaintiff for the past five years and six months. R. 402.

The ALJ gave little weight to Dr. Odle's opinion in the treating source statement, and instead found Plaintiff's cardiac conditions were not present on the date last insured of March 31, 2013. R. 21. In support of his finding, the ALJ reasoned Dr. Odle's opinion was rendered three and half years after the date last insured, there was no mention of any cardiac symptoms in the medical record prior to June 28, 2013, and his opinion of Plaintiff's physical ability was significantly more restrictive than Plaintiff described herself at the hearing on February 17, 2017. R. 20-21. The state agency medical consultants, assigned some weight by the ALJ, R. 20, found

7

there was insufficient evidence to establish Plaintiff's cardiac conditions existed prior to the date last insured, and this finding is supported by substantial medical evidence. Jarett, 422 F. App'x at 872-74.

There is no medical evidence supporting Dr. Odle's opinion Plaintiff's cardiac symptoms and limitations began in 2012 or Plaintiff's physical limitations were as he stated prior to March 31, 2013, the date last insured. The medical evidence shows examinations of Plaintiff's heart were normal and she denied any heart irregularity or difficulty breathing prior to the date last insured. R. 241-43. As of June 2012, Plaintiff's medical records do not include any mention of cardiac related conditions and only report facial swelling from oral surgery and a possibility of diabetes. R. 355-61. As of October 2012, the medical records continue to not mention any cardiac conditions. R. 353-54. During her June 28, 2013 appointment, Plaintiff reported increased abdominal swelling and shortness of breath beginning at most two to four weeks prior to the appointment. R. 348. These symptoms were the first signs of Plaintiff's cardiac symptoms in the medical records, which by Plaintiff's own description she did not begin experiencing until early June 2013. R. 17, 348.

Dr. Odle's opinion did not reference any medical documentation or evidence showing Plaintiff's cardiac symptoms and limitations began prior to the date last insured, and Plaintiff has not pointed to any either. When asked to identify particular medical findings supporting his assessment in his opinion, Dr. Odle only stated heart failure and dyspnea. R. 402-05. There is no further reference to dates indicating when Plaintiff's cardiac symptoms and limitations began.

Plaintiff argues she could not have developed such a severe cardiac condition overnight, and a reasonable inference can be made these conditions existed on March 31,

8

2016 since she first reported the symptoms that led to her cardiac diagnoses just three months later on June 28, 2013. Pl.'s Br., p. 13. This contention overlooks her admission, during the June 28, 2013 appointment, her symptoms had just begun two to four weeks ago. Furthermore, the question for purposes of disability insurance is not when Plaintiff's cardiac condition first began to form, but instead when the condition produced symptoms rendering Plaintiff disabled. The answer here is no earlier than the beginning of June, when Plaintiff stated she first noticed the symptoms that led to diagnoses of her cardiac conditions.

For all of these reasons, the ALJ's decision to give Dr. Odle's opinion little weight is supported by substantial evidence.

### B. The ALJ's Decision was Based on a Full and Fair Record

Plaintiff argues the ALJ failed to develop the record by contacting Dr. Odle about his opinion, seeking another treating source statement, or ordering a consultative examination to determine the onset date of Plaintiff's cardiac conditions. Pl.'s Br., pp. 14-15. A claimant has the burden of proving his disability and is responsible for providing evidence in support of his claim. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). Nevertheless, "because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." Larry v. Commissioner of Soc. Sec., 506 F. App'x 967, 969 (11th Cir. 2013) (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). The regulations also provide that the ALJ may order a consultative examination when warranted. See 20 C.F.R. §§ 404.1517, 404.1519a(b). "It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (citation omitted). "However, there must be a clear showing of prejudice before it is found that the claimant's right to due

9

process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997). For a clear showing of prejudice, a plaintiff must show the record as a whole is incomplete or inadequate. Id.

The ALJ did not need to obtain additional information by ordering a consultative examination or seeking a medical source statement from another treating physician to render an informed decision about the onset date of Plaintiff's cardiac conditions. The record consists of more than 1,000 pages and years of Plaintiff's medical treatment notes. None of the sources describe symptoms supporting the level of limitations found in Dr. Odle's opinion prior to the date last insured, including Plaintiff herself. Further, SSR 83-20, which Plaintiff cites, does not suggest the ALJ should have sought additional information to clarify the date last insured. This ruling only requires an ALJ to inquire further about the disability onset date when there is ambiguity in the record. There is no error in failing to make further inquiry where, as here, "the ALJ found that [Plaintiff] was not disabled prior to the date last insured based on ample, unambiguous medical evidence from both before and after the date last insured" Caces v. Comm'r, Soc. Sec. Admin., 560 App'x 936, 938-39 (11th Cir. 2014); see also Rojas v. Comm'r of Soc. Sec., Case No. 2:11-cv-124-FtM-MRM, 2017 WL 2130078, at *9 (M.D. Fla. May 17, 2017) (citing and analyzing Caces).

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final

judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 29th day of July, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA